IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE K. CLARKE,

      Plaintiff,                      No. CIV S-07-1848 GEB JFM P

      v.

REGGARO, et al.,

      Defendants.                <u>ORDER</u>

         Plaintiff is a state prisoner proceeding pro se. On September 7, 2007, plaintiff commenced this action by filing an initial pleading on the form for a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed December 19, 2007, ruling on plaintiff's application to proceed in forma pauperis was deferred and plaintiff's initial pleading was dismissed with leave to file an amended pleading. Because the nature of plaintiff's claims were not clear from the original pleading, plaintiff was provided with both a form complaint for a civil rights action pursuant to 42 U.S.C. § 1983 and form application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 2, 2008, plaintiff filed an amended complaint on the form complaint for a civil rights action pursuant to 42 U.S.C. § 1983.

/////

1

1   Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.
2   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.
3   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28
4   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $2.76 will be assessed by this
5   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to
6   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the
7   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the
8   preceding month's income credited to plaintiff's prison trust account.  These payments will be
9   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
10  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
11  The court is required to screen complaints brought by prisoners seeking relief
12  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
13  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
14  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
15  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
16  U.S.C. § 1915A(b)(1),(2).
17  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
18  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
19  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
20  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
21  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
22  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
23  Cir. 1989); Franklin, 745 F.2d at 1227.
24  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
25  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
26  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        Plaintiff's amended complaint suffers from the same defects as his original complaint, as described in the court's December 19, 2007 order.  In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant.  It consists largely of immaterial background information."  The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  Id.  As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

   1. Allegation of jurisdiction.

   2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

   3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

/////

    Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

    Plaintiff's amended complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."  Id. at 1179.

    Plaintiff will be given one further opportunity to file an amended complaint, **limited to fifteen pages**. Plaintiff must use the court's form for filing a civil rights action, which will be provided again. Plaintiff should refer to the court's order of December 19, 2007, this order and the Federal Rules of Civil Procedure for guidance in preparing a second amended complaint.

    In accordance with the above, IT IS HEREBY ORDERED:

    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $2.76. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's amended complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

4

complaint shall be on the form provided with this order and shall be limited to **fifteen** pages; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      5.  The Clerk of the Court is directed to send plaintiff a form civil rights complaint and accompanying instructions.

DATED: May 27, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
clar1848.14amd

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE K. CLARKE,

     Plaintiff,      No. CIV S-07-1848 GEB JFM P

    vs.

REGGARO, et al.,      <u>NOTICE OF AMENDMENT</u>

     Defendants.

_____/

  Plaintiff hereby submits the following document in compliance with the court's order filed _____:

  _____  Second Amended Complaint

DATED:

                _____
                Plaintiff

6