IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE K. CLARKE,

      Plaintiff,                      No. 2:07-cv-1848-GEB-JFM (PC)

    vs.

REGGARO, et al.,                    <u>ORDER AND</u>

      Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on plaintiff's October 10, 2008 request for a "continuance" of this action. Plaintiff seeks a seven month continuance before proceeding further with this action.

        Plaintiff filed his original complaint in this action over a year ago, on September 7, 2007. By order filed December 19, 2007, this court found the allegations in plaintiff's original complaint so vague and conclusory that it was unable to determine whether the action is frivolous or malicious, and plaintiff's original complaint was dismissed with leave to amend. Plaintiff filed an amended complaint on January 2, 2008. By order filed May 28, 2008, this court found that plaintiff's amended complaint suffered from the same defects as his original complaint, defects similar to those described by the United States Court of Appeals for the Ninth Circuit in

1

McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996): "there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176." Order filed May 28, 2008, at 4. In the May 28, 2008 order, the court granted plaintiff one final opportunity to file an amended complaint, and provided specific instructions for preparation of said complaint. See id.

Plaintiff failed to timely file a second amended complaint, and on July 21, 2008, this court issued findings and recommendations recommending dismissal of the action without prejudice. On July 23, 2008, plaintiff filed a request for an extension of time to file a second amended complaint. On August 1, 2008, the July 21, 2008 findings and recommendations were granted and plaintiff was granted an extended period of seventy days to file a second amended complaint. On October 10, 2008, plaintiff filed the request now before the court. Plaintiff has not filed a second amended complaint.

Review of the record demonstrates that plaintiff has failed to state a cognizable claim for relief in either of the two complaints filed in this action. The complaints are prolix and rambling, with a marked absence of notice of any potentially cognizable claim for relief contained in either one. Without providing any additional information about the nature of any potential claim, plaintiff now seeks a seven month continuance of this action. That request will be denied. Moreover, for the reasons set forth infra, this action should be dismissed without prejudice.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting

Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for well over one year and plaintiff has yet to file a complaint that states a cognizable claim for relief. Were the court to grant plaintiff's request for continuance, this case would be almost two years old before a second amended complaint is filed. The third factor, prejudice to defendants, also weighs in favor of dismissal. Given plaintiff's professed inability to file a second amended complaint for another seven months, even assuming arguendo that a second amended complaint stated at least one cognizable claim for relief, this action would be a minimum of two years old before any defendant was served with process. While defendants can be required to defend claims that are remote in time, building that possibility in at the front of this action is unwarranted and unnecessary. The fourth factor is essentially neutral: while public policy favors disposition of cases on their merits, the record here is unclear as to whether plaintiff can state any potentially meritorious claim for relief. Finally, the fifth factor also favors dismissal. The court has granted ample additional time to file a complaint that states at least one cognizable claim for relief, to no avail.

For all of the foregoing reasons, this court finds that this action should be dismissed without prejudice due to plaintiff's failure to comply with this court's orders requiring him to file a second amended complaint within the extended deadline set in the court's August 1, 2008 order.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's October 10, 2008 request for continuance is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
6  that failure to file objections within the specified time may waive the right to appeal the District
7  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8  DATED: November 17, 2008.

UNITED STATES MAGISTRATE JUDGE